IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BRITT KERSH                                                                           PLAINTIFF

VS.                                    CIVIL NO. 05-6046

JO ANNE B. BARNHART,
COMMISSIONER, SOCIAL SECURITY ADMINISTRATION                 DEFENDANT

**MEMORANDUM OPINION**

Brett Kersh ("plaintiff"), brings this action pursuant to § 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying his applications for disability insurance benefits ("DIB"), and supplemental security income benefits ("SSI"), under Titles II and XVI of the Act.

**Background:**

The applications for DIB and SSI now before this court were protectively filed on June 25, 2002, alleging an onset date of December 31, 1999, due to bipolar disorder. (Tr. 15). No physical limitations were alleged. (Tr. 1005-1006). An administrative hearing was held on November 19, 2003. (Tr. 999-1025). Plaintiff was present and represented by counsel.

At the time of the administrative hearing on November 19, 2003, plaintiff was thirty-three years old and possessed two years of college course credit. (Tr. 15, 1004). The record reveals that he had past relevant work ("PRW"), as a cook, security guard, fast food and service station manager, and construction worker. (Tr. 15, 1004-1005).

On April 17, 2004, the Administrative Law Judge ("ALJ"), found that plaintiff's alcohol/drug dependence and bipolar disorder were severe impairments, but that those impairments did not meet

or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 19). After discrediting plaintiff's subjective allegations, the ALJ concluded that, absent his alcohol/drug dependence, he maintained the residual functional capacity ("RFC"), to perform work where the interpersonal contact is incidental to the work performed; the tasks are learned and performed by rote with few variables; the tasks require little judgment; and, the supervision required is simple, direct, and concrete. (Tr. 19). As such, the ALJ was of the opinion that plaintiff could perform the positions of garment folder, janitor, laundry worker, and kitchen helper. (Tr. 20).

On June 7, 2005, the Appeals Council declined to review this decision. (Tr. 4). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. The plaintiff and Commissioner have filed appeal briefs, and the case is now ready for decision. (Doc. # 10, 11).

**Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have

decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevent him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in

3

light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**Discussion:**

Plaintiff argues, and we agree, that the ALJ failed to properly consider his bipolar disorder. (Doc. # 5, p. 21-22). Specifically, he contends that the ALJ failed to separate his bipolar disorder from his alcohol abuse/drug problem and recognize that, in large part, he abused substances "as a crutch and as a mean[s] of treatment, albeit incorrectly, to address a horrible mental condition." (Doc. # 5, p. 21-22). We note that the ALJ did consider plaintiff's bipolar disorder, finding plaintiff disabled, but concluded that his alcohol/drug dependence was material to a finding of disability. (Tr. 17-19).

A claimant is not entitled to benefits if drug or alcohol abuse is a "contributing material factor" to his or her disability. 42 U.S.C. § 423(d)(2)(C). However, the ALJ's conclusion that alcohol abuse is material to a claimant's disability, and that he would not be disabled in the absence of alcohol abuse, must be supported by some medical evidence. *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001) (holding that some medical evidence should support an ALJ's finding of residual functional capacity).

As in the present case, the evaluation of a mental impairment is often more complicated than the evaluation of a claimed physical impairment. *Andler v. Chater,* 100 F.3d 1389, 1393 (8th Cir. 1996). Evidence of symptom-free periods, which may negate the finding of a physical disability, do not compel a finding that disability based on a mental disorder has ceased. *Id*. Mental illness can

4

be extremely difficult to predict, and remissions are often of "uncertain duration and marked by the impending possibility of relapse." *Id.* Individuals suffering from mental disorders often have their lives structured to minimize stress and help control their symptoms, indicating that they may actually be more impaired than their symptoms indicate. *Hutsell v. Massanari,* 259 F.3d 707, 711 (8th Cir.2001); 20 C.F.R. Pt. 404, Subpt. P., App. 1, § 12.00(E) (1999). This limited tolerance for stress is particularly relevant because a claimant's residual functional capacity is based on their ability to perform the requisite physical acts day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world." *McCoy v. Schweiker,* 683 F.2d 1138, 1147 (8th Cir. 1982) (en banc).

After a thorough review of the record, we note that plaintiff has been diagnosed with bipolar disorder, anxiety disorder, and alcohol/drug dependence on numerous occasions. (Tr. 260-271, 287-294, 485-487, 508). His medical records also indicate that plaintiff has participated in detoxification programs and taken Divalproex, Lithium, and Depakote, with limited results. (Tr. 260-271, 287-294, 464-466, 485, 509, 526, 533, 536, 544, 549, 551, 557, 561, 571, 577, 579, 720, 944).

In support of his argument that his alcohol/drug problem was directly related to his bipolar disorder, rather than a contributing factor, plaintiff presented both the statement and the sworn testimony of his father and treating physician, Dr. N. B. Kersh, who had two years of post graduate training in the field of psychiatry. (Tr. 464-466, 1017). He voiced his opinion that plaintiff had begun suffering from bipolar disorder prior to his discharge from the Navy, and that plaintiff's

5

problems with drugs and alcohol did not begin until after his discharge.[1] (Tr. 464-466, 621, 1020). Given the nature of bipolar disorder, Dr. Kersh was of the opinion that this disorder caused his son to turn to alcohol and drug abuse as a method of self treatment. (Tr. 1018). To help the ALJ better understand bipolar disorder, Dr. Kersh presented a copy of an article taken from the American Family Physician Journal entitled "Management of Bipolar Disorder." (Tr. 467-476). On the first page of this article, it is noted that "substance abuse and anxiety disorders" are frequently associated with bipolar disorder. (Tr. 467). *See* Kim S. Griswold and Linda F. Pessar, *Management of Bipolar Disorder,* 62 AM. FAMILY PHYSICIAN 1343, 1343 (2000). The authors, two licensed psychiatrists, report that at least one major study has shown that "more than forty-two percent of patients meeting the criteria for a major depressive disorder (including bipolar disorder) had lifetime histories of substance abuse." *Id*. at 1345. (Tr. 469). Yet another study has reportedly shown that "the frequency of substance abuse was thirty-nine percent in adolescents who had symptoms of bipolar disorder." *Id*. (Tr. 469). The article then goes on to discuss bipolar disorder. The ALJ, however, neither discussed Dr. Kersh's opinion concerning plaintiff's condition nor addressed the issues contained in the article. *See Reeder v. Apfel*, 214 F.3d 984, 988 (8th Cir. 2000) (holding that the ALJ is not free to ignore medical evidence, rather must consider the whole record). Whether the ALJ grants a treating physician's opinion substantial or little weight, the regulations provide that the ALJ must "always give good reasons" for the particular weight given to a treating physician's evaluation.

---

[1] At least two psychiatrists have concurred with Dr. Kersh's diagnosis, and two other doctors have agreed that plaintiff was likely suffering from bipolar disorder prior to his discharge from the Navy. (Tr. 480-481, 485-487, 614).

AO72A
(Rev. 8/82)

20 C.F.R § 404.1527(d)(2); *see also* SSR 96-2p; *See Prosch v. Apfel,* 201 F.3d at 1010, 1012-13 (8th Cir. 2000).

As the record contains statements from two additional consulting physicians, Drs. C. R. Ellis and Ray Bollen, who have reviewed plaintiff's medical records and concluded that plaintiff was likely suffering from bipolar disorder prior to his discharge from the navy (which predated his problems with drug/alcohol abuse), and medical records dated during the relevant time period show that plaintiff has been diagnosed with and treated for both bipolar disorder and a substance abuse disorder, we believe that the case should be remanded to the ALJ for further consideration of plaintiff's mental impairment. (Tr. 464-465, 480-481). In light of the evidence of record, the information presented by Dr. Kersh makes it unclear whether plaintiff's substance abuse is a material factor in his disability or merely a symptom of his underlying mental condition. We note that it is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision. *See Boyd v. Sullivan*, 960 F.2d 733, 736 (8th Cir. 1992) (quoting *Reeves v. Heckler*, 734 F.2d 519, 522 n. 1 (11th Cir. 1984)); see also 20 C.F.R. § 404.1519a (2001). Therefore, we cannot say that the ALJ's decision is supported by substantial evidence. Accordingly, on remand, the ALJ is directed to order a consultative psychiatric evaluation to determine the nature of the relationship between plaintiff's bipolar disorder and his alcohol/drug dependence.

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence,

and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 10th day of August 2006.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)